Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000406
15-APR-2013
12:48 PM

NO. CAAP-12-0000406

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KURT BUTLER,
Plaintiff-Appellant,
v.
CLINTON MYERS, JASON KEEFNER,
MDDR HEALTH SOLUTIONS, INC., ALPHA EXECUTIVE SECURITY,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0102)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Kurt Butler (Butler), pro se, appeals from the April 13, 2012 "Amended Final Judgment" entered in the Circuit Court of the Second Circuit[1] (circuit court) in favor of Defendant-Appellee MDDR Health Solutions, Inc. (MDDR).

## I.  BACKGROUND

On August 28, 2009, Butler filed a complaint in the circuit court against defendants MDDR, Clinton Myers (Myers), Jason Keefner (Keefner), and Alpha Executive Security, Inc. (Alpha).  The complaint alleged that Myers and Keefner assaulted and battered Butler while acting within the course and scope of employment as security guards with MDDR and Alpha.  The complaint

---

[1] The Honorable Rhonda I.L. Loo presided.

asserted claims for negligence, assault, battery, and intentional infliction of emotional distress.

The circuit court entered default judgment against Myers on October 11, 2010, and Butler voluntarily dismissed Keefner and Alpha. Consequently, MDDR was the sole remaining defendant in the case, and the circuit court held a jury trial commencing on August 29, 2011. At the conclusion of the trial, the jury entered a verdict in MDDR's favor on all counts of Butler's complaint. The circuit court entered an "Amended Final Judgment" on April 13, 2012, from which Butler timely appealed.

On appeal, Butler contends the circuit court erred in excluding certain testimony and exhibits denying his proposed jury instructions and failing to grant his motion to recess the trial until one of his witnesses could be subpoenaed.

## II. STANDARDS OF REVIEW

> Different standards of review must be applied to trial court decisions regarding the admissibility of evidence, depending on the requirements of the particular rule of evidence at issue. When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard.
>
> Where the evidentiary ruling at issue concerns admissibility based upon relevance, under Hawaii Rules of Evidence (HRE) Rules 401 and 402, the proper standard of appellate review is the right/wrong standard.
>
> Evidentiary decisions based on HRE Rule 403, which require a "judgment call" on the part of the trial court, are reviewed for an abuse of discretion. The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.

Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 350-51, 944 P.2d 1279, 1293-94 (1997) (internal quotation marks, citations, and brackets omitted; block quote format changed) (quoting State v. Arceo, 84 Hawai'i 1, 11, 928 P.2d 843, 853 (1996)).

"The standard of review for a trial court's issuance or refusal of a jury instruction is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." Moyle v.

Y & Y Hyup Shin, Corp., 118 Hawai'i 385, 391, 191 P.3d 1062, 1068 (2008) (internal quotation marks and citation omitted).

### III. DISCUSSION

A.        Evidentiary Rulings

At trial, Butler proceeded pro se and indicated he would testify in narrative form. Consequently, MDDR filed a motion in limine requesting that the circuit court order Butler not to present any hearsay statements unless or until the court ruled on the admissibility of the proffered evidence. The circuit court granted MDDR's motion. The record indicates Butler did not object to the in limine ruling, nor has he asserted on appeal that the circuit court erred when it granted MDDR's motion.

The record establishes that Butler did not comply with the circuit court's order and failed to lay sufficient foundation supporting the admissibility of the hearsay statements at issue. Butler also did not make any offers of proof and did not provide any grounds of admissibility or relevance when the circuit court sustained MDDR's objections to Butler's testimony. Butler has failed to provide an adequate record for appellate review. State v. Kelekolio, 74 Haw. 479, 523, 849 P.2d 58, 78 (1993) (holding that "[i]n the absence of an offer of proof, the trial court committed no reversible error").

Additionally, the record on appeal is incomplete and does not contain transcripts of the circuit court proceedings during which Butler offered several exhibits at issue. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and brackets omitted); Hawai'i Rules of Appellate Procedure

(HRAP) Rules 10 (b)(1), 11. Therefore, this court is unable to address Butler's arguments regarding the exhibits he offered.[2]

B.        Jury Instructions

Butler contends the circuit court denied his input on jury instructions. However, Butler filed a motion waiving his right to submit proposed instructions, which the circuit court granted. Therefore, the circuit court did not err when it denied the proposed jury instructions that Butler subsequently submitted, after the circuit court granted his motion and after the submission deadline set forth in the pretrial order.

Furthermore, the circuit court allowed Butler to assert objections to MDDR's proposed instructions. Butler objected to four of MDDR's instructions at trial, and his only argument on appeal is that the circuit court failed to instruct the jury on the laws regarding criminal complicity. This case was a civil case, however, and read as a whole, the circuit court's instructions were not prejudicially insufficient, erroneous, inconsistent, or misleading. Moyle, 118 Hawai'i at 391, 191 P.3d at 1068.

C.        Motion to Recess Trial

Butler contends the circuit court erred in refusing to adjourn the trial. The record indicates that on the second day of the trial, Butler filed a motion to recess the trial until he could subpoena one of his witnesses. During the circuit court proceedings on the same day, Butler attempted to call the witness, who did not appear. Butler informed the court he had not subpoenaed the witness to testify that day, and gave no explanation for his failure to subpoena the witness. Butler then stated he would rest his case. Butler did not mention that he

---

[2]      In addition to failing to meet his duty to provide a sufficient record, Butler's brief fails to comply with HRAP Rule 28(b). Among other issues, Butler's statement of the case contains no record references (Rule 28(b)(3)), and his statement of the points of error fails to point out in the record where the alleged error occurred and where it was objected to by Butler. (Rule 28(b)(4)).

had filed a motion for a recess earlier that day, nor did he request a recess during the proceedings.

At the trial's conclusion, the circuit court questioned Butler about several motions he had filed, including the motion to recess the trial. The circuit court noted the motions were untimely and that he had not requested a hearing on the motions, and Butler responded that the motions were moot and that there was "no point in discussing it." Based on this record, the circuit court did not err when it failed to grant a recess.

## IV. CONCLUSION

The April 13, 2012 "Amended Final Judgment" entered in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 15, 2013.

On the briefs:

Kurt Butler
Plaintiff-Appellant pro se.

Jeffrey A. Griswold
(Lyons, Brandt, Cook &
Hiramatsu) for
Defendant-Appellee MDDR Health
Solutions, Inc.

Presiding Judge

Associate Judge

Associate Judge